IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROXANE M. SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3038-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on November 1, 2000, but filed her application for benefits on June 22, 2002. The parties' briefs were fully submitted and an oral argument was scheduled for November 8, 2005. Prior to the argument, however, the court determined that argument was not necessary and this appeal could be resolved based on the briefs and administrative record.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Roxane Sparks asserts she is disabled because of depression and anxiety. The record indicates that she has a recurrent major depressive disorder and adjustment disorder with depressed mood. She was born in 1963, completed the ninth grade and then obtained her GED. She has no past relevant work. She had two children living with her

2

who were removed from the home by the Division of Family Services based on charges of child endangerment. She was assigned a community support worker in 2002.

The Administrative Law Judge (ALJ) found that claimant had mental limitations, but they were well maintained with medications. She found that Sparks had a poor work history, could do more than she claimed to be capable of doing, and had no physical limitations. Accordingly, she determined that claimant could do low stress work with simple and repetitive instructions, which did not involve customer service, and which had minimal contact with coworkers. Examples of such jobs were identified as a laundry worker II and cleaner/housekeeper.

In this appeal, Sparks purports that the ALJ erred in not giving more significant weight to the opinion of her treating physician, Dr. Joseph Babin, who completed a medical source statement - mental, on October 22, 2003, and in the supporting documents. In his statement, Dr. Babin indicated claimant had moderate and marked limitations in a number of areas that would preclude Sparks from working.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). The ALJ in this case stated she did not defer to Babin's opinion because the opinion was based upon subjective statements and complaints rather than a stated rationale or objective basis for his conclusions.

The ALJ erred. The record in this case clearly shows an individual with a variety of moderate or marked limitations caused by her mental condition. She was on prescribed medication and attended regular counseling sessions. She met the criteria and had a social worker assigned to her who helped her to function. The social worker took her to her doctor and counseling appointments and dispensed medication to her. Even with medication and counseling, her GAF scores, as determined by different mental health workers, were repeatedly low.

The ALJ cited Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), in recognition of the factors to be considered, noted what she considered to be determinative inconsistencies

in the record, and found plaintiff was capable of working. The ALJ did not, however, state how these inconsistences show plaintiff is capable of performing a full-time competitive job on a continuing and sustained basis. "For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995).

For these reasons and those set forth in more detail in the claimant's brief, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 16th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4